Filed 1/22/16  P. v. Maes CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUDY PRESTON MAES,<br><br>    Defendant and Appellant. | F070648<br><br>(Super. Ct. No. SC071836A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Kane, Acting P.J., Poochigian, J. and Peña, J.

## PROCEDURAL AND FACTUAL SUMMARY

Defendant Rudy Preston Maes appeals from the trial court's denial of his motion to recall his sentence pursuant to Penal Code section 1170.126 (Proposition 36).[1] According to his petition, defendant is currently serving a sentence of 25 years to life for convictions in 1997 while incarcerated in prison: obstructing an executive officer (§ 69) and battery by a prisoner (§ 4501.5). Defendant had prior convictions for assault to commit rape (§ 220) in 1983 and assault causing great bodily injury (§ 245, subd. (a)(1), former § 12022.7) in 1996.

The People objected to defendant's motion because he had a prior conviction for a sexually violent offense. As the People set forth in their opposition brief, section 1170.126, subdivision (e)(3) states an inmate is eligible for resentencing if the inmate has "no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of section 1170.12." These two statutes define sexually violent offenses in section 667, subdivision (e)(2)(C)(iv)(I) and section 1170.12, subdivision (c)(2)(C)(iv)(I) as offenses "defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." Among the offenses defined as a sexually violent offense in Welfare and Institutions Code section 6600, subdivision (b) is Penal Code section 220.

On December 10, 2014, the parties submitted the matter on their pleadings. The court denied the petition, noting defendant was not eligible for resentencing under Proposition 36. Defendant filed a timely notice of appeal.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

---

[1]Unless otherwise designated, further statutory references are to the Penal Code.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court. By letter on March 11, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.